IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, an unincorporated association, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. |
| WEST COAST CHOPPERS, INC. a corporation, VANILLA GORILLA L.P., a limited partnership, JESSE GREGORY JAMES, an individual, MEADWESTVACO CORPORATION, a corporation, and WAL-MART STORES, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND RELATED CAUSES**

1. Plaintiff, Sheet Metal Workers International Association, is an unincorporated association having its principal office at 1750 New York Avenue N.W., Washington, D.C. 20006-5386.

2. Defendant West Coast Choppers, Inc. is a California corporation with an office at 718 W. Anaheim Street, Long Beach, California 90813.

3. Defendant Vanilla Gorilla L.P. is a limited partnership existing under the laws of the State of California, with an office at 718 W. Anaheim Street, Long Beach, California 90813.

4. Defendant Jesse Gregory James, upon information and belief, is a citizen residing in the State of California, Orange County, directs the activities of Defendants West Coast Choppers and Vanilla Gorilla and was personally involved in the acts complained of herein.

5. Defendant MeadWestvaco Corporation is a Virginia corporation with an office at 11013 West Broad Street, Glen Allen, Virginia 23060-5937.

6. Defendant Wal-Mart Stores, Inc. is a Delaware corporation with an office at 702 S.W. 8th Street, Bentonville, Arkansas 72716 and operates Wal-Mart and Sam's Club stores throughout the United States.

7. This Court has jurisdiction over this action by virtue of the fact that this is a civil action arising under the Trademark Law of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and related state law, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(b) and the principles of pendant and ancillary jurisdiction.

8. Plaintiff is an association organized in 1888 whose members include tradesmen and industrial workers.

9. For many years, and since long prior to the acts of defendants complained of herein, plaintiff has provided information through publications and other means concerning topics of importance to members and prospective members of its association and others, such as jobs, workplace safety, health and retirement benefits, and apprenticeship and training, and has negotiated and enforced employment contracts and otherwise promoted the interests of its members.

10.     Since long prior to the acts of defendants complained of herein, the distinctive mark shown below has been used to indicate membership in plaintiff's association, and to identify plaintiff's aforesaid services, publications and web-site, as well as for items such as shirts, hats, jackets, watches, jewelry, accessories and union paraphernalia:



11.     Plaintiff has registered its aforesaid mark in the United States Patent and Trademark Office, Registration No. 718,265 dated July 11, 1961 and Registration No 718,364 dated July 11, 1961.  Said registrations are valid and subsisting, have become incontestable and, in accordance with the provisions of the Trademark Laws of the United States (15 U.S.C. 1065, 1115(b)), constitute conclusive evidence of the validity of plaintiff's aforesaid mark, plaintiff's ownership thereof, and plaintiff's exclusive right to use said mark in commerce.

12.     For many years, plaintiff has used its union label incorporating its aforesaid mark for certifying goods made by its members.  Plaintiff has registered its union label in the Patent and Trademark Office as Registration No. 1,268,822 dated February 28, 1984 and Registration

No. 1,366,048 dated October 19, 1985 and said registrations are valid and subsisting and have become incontestable.

13.  As a result of extensive use over many decades, plaintiff has built up and now owns an enormously valuable goodwill which is symbolized by its aforesaid mark.

14.  Long subsequent to plaintiff's use and registration of its aforesaid mark, defendants began producing and/or selling calendars bearing the mark depicted below (hereafter "defendants' mark") and using said defendants' mark in connection with the products and services of defendants West Coast Choppers, Inc., Vanilla Gorilla L.P. and Jesse James:



15.  Defendants' mark was designed by copying from plaintiff's aforesaid mark.

16.  Defendants' mark is a simulation and colorable imitation of plaintiff's federally registered mark.

17.  Defendants' use of the aforesaid simulation of plaintiff's mark and/or sale of

products bearing said simulation was with knowledge of plaintiff's use of its mark and without plaintiff's consent.

18. Defendants refused requests that they discontinue the sale of products bearing the aforesaid simulation of plaintiff's mark.

19. Defendants' aforesaid acts are likely to cause confusion, mistake or deception in that persons are likely to believe that defendants' products and services are from plaintiff or are sponsored or approved by plaintiff or in some way related to plaintiff, that plaintiff's aforesaid services and products are from defendants or are sponsored or approved by defendants or in some way related to defendants, or that the parties' products and services are in some way connected.

20. Defendants' aforesaid acts constitute trademark infringement in violation of the Trademark Law of the United States (15 U.S.C. § 1051-1127) and the common law of the various states.

21. Defendants' aforesaid acts constitute unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the various states.

22. Defendants' aforesaid acts create a likelihood of injury to plaintiff's business reputation or of dilution of the distinctive quality of plaintiff's aforesaid mark, in violation of the anti-dilution laws of the various states.

23. Defendants' aforesaid acts are greatly and irreparably damaging to plaintiff and will continue to damage plaintiff unless restrained by this Court; wherefore plaintiff is without an adequate remedy at law.

WHEREFORE, plaintiff prays that:

1. Defendants, their agents, servants, employees, and attorneys, and any and all persons in active concert or participation with defendants, be enjoined and restrained from using any mark which is confusingly similar to, a colorable imitation of, or likely to dilute the distinctive quality of, plaintiff's aforesaid mark.

2. Defendants be required to deliver up for destruction, all calendars and other materials bearing a colorable imitation of plaintiff's mark.

3. Defendants be required:

    (a) to account for and pay over to plaintiff, all gains, profits, enrichments and advantages derived by defendants from their acts complained of herein;

    (b) to pay to plaintiff, three times the amount of all damages incurred by plaintiff by reason of defendants' acts complained of herein; and

    (c) to pay to plaintiff the costs of this action and plaintiff's reasonable attorney fees and disbursements incurred herein.

4. Plaintiff have such other and further relief as this Court deems just and equitable.

DAVIS, COWELL & BOWE, LLP

By: _____
Michael T. Anderson (459617)
Arlus J. Stephens (478938)
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)

Counsel for Plaintiff

Of Counsel:

John Bostjancich
Patricia S. Smart
SMART & BOSTJANCICH
19 S. LaSalle Street
Suite 1300
Chicago, IL 60603
312/857-2424

Attorneys For Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sheet Metal Workers' International Association, AFL-CIO | West Coast Choppers Inc., et al. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, DC  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Arlus J. Stephens (Davis, Cowell & Bowe LLP)  1701 K Street NW, Suite 210  Washington, DC 20006  202-223-2620 | ATTORNEYS (IF KNOWN)  Case: 1:07-cv-01787  Assigned To : Lamberth, Royce C.  Assign. Date : 10/4/2007  Description: General Civil |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and __one__ in a corresponding Nature of Suit)

### ○ A. *Antitrust*
- ☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⊗ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*  | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Suit for infringement of a trademark. Jurisdiction exists under 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 10/4/2007    SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.