## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHEET METAL WORKERS      )
INTERNATIONAL ASSOCIATION,    )
an unincorporated association,      )
                             )
         Plaintiff,         )
                             )
      v.                )      Civil Action No.
                             )
WEST COAST CHOPPERS, INC.     )
a corporation, VANILLA GORILLA L.P., )
a limited partnership, JESSE GREGORY )
JAMES, an individual,           )
MEADWESTVACO CORPORATION,   )
a corporation, and             )
WAL-MART STORES, INC.,        )
a corporation,                 )
                             )
        Defendants.       )

## COMPLAINT FOR TRADEMARK INFRINGEMENT
## AND RELATED CAUSES

1.  Plaintiff, Sheet Metal Workers International Association, is an unincorporated association having its principal office at 1750 New York Avenue N.W., Washington, D.C. 20006-5386.

2.  Defendant West Coast Choppers, Inc. is a California corporation with an office at 718 W. Anaheim Street, Long Beach, California 90813.

3.  Defendant Vanilla Gorilla L.P. is a limited partnership existing under the laws of the State of California, with an office at 718 W. Anaheim Street, Long Beach, California 90813.

4.      Defendant Jesse Gregory James, upon information and belief, is a citizen residing in the State of California, Orange County, directs the activities of Defendants West Coast Choppers and Vanilla Gorilla  and was personally involved in the acts complained of herein.

5.      Defendant MeadWestvaco Corporation is a Virginia corporation with an office at 11013 West Broad Street, Glen Allen, Virginia 23060-5937.

6.      Defendant Wal-Mart Stores, Inc. is a Delaware corporation with an office at 702 S.W. 8th Street, Bentonville, Arkansas 72716 and operates Wal-Mart and Sam's Club stores throughout the United States.

7.      This Court has jurisdiction over this action by virtue of the fact that this is a civil action arising under the Trademark Law of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and related state law, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(b) and the principles of pendant and ancillary jurisdiction.

8.      Plaintiff is an association organized in 1888 whose members include tradesmen and industrial workers.

9.      For many years, and since long prior to the acts of defendants complained of herein, plaintiff has provided information through publications and other means concerning topics of importance to members and prospective members of its association and others, such as jobs, workplace safety, health and retirement benefits, and apprenticeship and training, and has negotiated and enforced employment contracts and otherwise promoted the interests of its members.

10.    Since long prior to the acts of defendants complained of herein, the distinctive mark shown below has been used to indicate membership in plaintiff's association, and to identify plaintiff's aforesaid services, publications and web-site, as well as for items such as shirts, hats, jackets, watches, jewelry, accessories and union paraphernalia:



11.    Plaintiff has registered its aforesaid mark in the United States Patent and Trademark Office, Registration No. 718,265 dated July 11, 1961 and Registration No 718,364 dated July 11, 1961.  Said registrations are valid and subsisting, have become incontestable and, in accordance with the provisions of the Trademark Laws of the United States (15 U.S.C. 1065, 1115(b)),  constitute conclusive evidence of the validity of plaintiff's aforesaid mark, plaintiff's ownership thereof, and plaintiff's exclusive right to use said mark in commerce.

12.    For many years, plaintiff has used its union label incorporating its aforesaid mark for certifying goods made by its members.  Plaintiff has registered its union label in the Patent and Trademark Office as Registration No. 1,268,822 dated February 28, 1984 and Registration

No. 1,366,048 dated October 19, 1985 and said registrations are valid and subsisting and have become incontestable.

13.    As a result of extensive use over many decades, plaintiff has built up and now owns an enormously valuable goodwill which is symbolized by its aforesaid mark.

14.    Long subsequent to plaintiff's use and registration of its aforesaid mark, defendants began producing and/or selling calendars bearing the mark depicted below (hereafter "defendants' mark") and using said defendants' mark in connection with the products and services of defendants West Coast Choppers, Inc., Vanilla Gorilla L.P. and Jesse James:



15.    Defendants' mark was designed by copying from plaintiff's aforesaid mark.

16.    Defendants' mark is a simulation and colorable imitation of plaintiff's federally registered mark.

17.    Defendants' use of the aforesaid simulation of plaintiff's mark and/or sale of

products bearing said simulation was with knowledge of plaintiff's use of its mark and without plaintiff's consent.

18.    Defendants refused requests that they discontinue the sale of products bearing the aforesaid simulation of plaintiff's mark.

19.    Defendants' aforesaid acts are likely to cause confusion, mistake or deception in that persons are likely to believe that defendants' products and services are from plaintiff or are sponsored or approved by plaintiff or in some way related to plaintiff, that plaintiff's aforesaid services and products are from defendants or are sponsored or approved by defendants or in some way related to defendants, or that the parties' products and services are in some way connected.

20.    Defendants' aforesaid acts constitute trademark infringement in violation of the Trademark Law of the United States (15 U.S.C. § 1051-1127) and the common law of the various states.

21.    Defendants' aforesaid acts constitute unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the various states.

22.    Defendants' aforesaid acts create a likelihood of injury to plaintiff's business reputation or of dilution of the distinctive quality of plaintiff's aforesaid mark, in violation of the anti-dilution laws of the various states.

23.    Defendants' aforesaid acts are greatly and irreparably damaging to plaintiff and will continue to damage plaintiff unless restrained by this Court; wherefore plaintiff is without an adequate remedy at law.

WHEREFORE, plaintiff prays that:

1.    Defendants, their agents, servants, employees, and attorneys, and any and all persons in active concert or participation with defendants, be enjoined and restrained from using any mark which is confusingly similar to, a colorable imitation of, or likely to dilute the distinctive quality of, plaintiff's aforesaid mark.

2.    Defendants be required to deliver up for destruction, all calendars and other materials bearing a colorable imitation of plaintiff's mark.

3.    Defendants be required:

(a)    to account for and pay over to plaintiff, all gains, profits, enrichments and advantages derived by defendants from their acts complained of herein;

(b)    to pay to plaintiff, three times the amount of all damages incurred by plaintiff by reason of defendants' acts complained of herein; and

(c)    to pay to plaintiff the costs of this action and plaintiff's reasonable attorney fees and disbursements incurred herein.

4.    Plaintiff have such other and further relief as this Court deems just and equitable.

DAVIS, COWELL & BOWE, LLP

By: _____
Michael T. Anderson (459617)
Arlus J. Stephens (478938)
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)

Counsel for Plaintiff

Of Counsel:

John Bostjancich
Patricia S. Smart
SMART & BOSTJANCICH
19 S. LaSalle Street
Suite 1300
Chicago, IL 60603
312/857-2424

Attorneys For Plaintiff